## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT MICHIGAN
## SOUTHERN DIVISION

WINSTON J. JACKSON aka THE
ESTATE OF WINSTON J. JACKSON,

      Plaintiff,

v.

BANK OF AMERICA, N.A.,
SETERUS, INC. and FEDERAL
NATIONAL MORTGAGE
ASSOCIATION,

      Defendants.

Case No. 2:14-cv-11073

Hon. Gerald E. Rosen

Magistrate Judge Michael J. Hluchaniuk

---

## DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Bank of America, N.A., ("BANA") through its counsel, Dickinson Wright, PLLC, moves under Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint filed by Plaintiff Winston J. Jackson a/k/a The Estate of Winston J. Jackson ("Plaintiff"). BANA relies on the attached brief in support of its motion. The undersigned contacted counsel for Plaintiff as required by Local Rule 7.1 to explain the nature of this Motion and its legal basis. Concurrence in the relief sought was not obtained.

WHEREFORE, BANA respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and with prejudice, and award any further relief the Court deems just and reasonable.

Dated: June 2, 2014          Respectfully submitted,

                                  DICKINSON WRIGHT PLLC

                                  By: /s/ Frederick R. Dewey
                                  Amy Sabbota Gottlieb(P67020)
                                  Frederick R. Dewey (P76451)
                                  *Attorneys for Defendant BANA*
                                  2600 West Big Beaver Rd., Ste. 300
                                  Troy, MI  48084
                                  (248) 433-7286

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT MICHIGAN
### SOUTHERN DIVISION

WINSTON J. JACKSON aka THE
ESTATE OF WINSTON J. JACKSON,

     Plaintiff,

v.

BANK OF AMERICA, N.A.,
SETERUS, INC. and FEDERAL
NATIONAL MORTGAGE
ASSOCIATION,

     Defendants.

Case No. 2:14-cv-11073

Hon. Gerald E. Rosen

Magistrate Judge Michael J. Hluchaniuk

---

## BRIEF IN SUPPORT OF DEFENDANT BANK OF AMERICA, N.A.'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

271920.2

## STATEMENT OF ISSUES PRESENTED

1.  Whether Plaintiff's complaint fails to state any claim against BANA because BANA had no part in the foreclosure proceedings and has no interest in the Property.

2.  Whether Plaintiff fails to set forth facts or allege defects rising to the level of fraud or irregularity in the foreclosure process sufficient to warrant setting aside the foreclosure sale after the redemption period expired.

3.  Whether the quiet title claim fails because Plaintiff cannot establish title, because Seterus and Fannie Mae were entitled to foreclose, and because Plaintiff comes to the Court with unclean hands (Count I).

4.  Whether Plaintiff's claim for breach of M.C.L. 600.3205 and request for conversion to judicial foreclosure fail because section 600.3205c has been repealed and because Plaintiff fails to state a claim under the statute (Counts II and III).

5.  Whether Plaintiff's request for an injunction fails because Plaintiff is not entitled to the relief sought (Count IV).

To all of these questions:

     BANA answers "Yes."
     Plaintiff would answer "No."
     This Court should answer "Yes."

## CONTROLLING AND MOST APPROPRIATE  AUTHORITY

BANA brings this Motion and requests relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in addition to the case law and other authority cited in the Brief in Support of its Motion to Dismiss.

271920.2

## TABLE OF CONTENTS

I.      INTRODUCTION................................................................................1

II.     FACTUAL BACKGROUND .............................................................. 2

III.    LEGAL ARGUMENT.......................................................................... 3

        A.      Standard of Review............................................................... 3

        B.      BANA Should Be Dismissed From The Litigation Entirely And
                With Prejudice Because It Was Not Involved With The
                Foreclosure In Any Capacity. ............................................... 5

        C.      Plaintiff No Longer Has an Interest in the Property Because Mr.
                Jackson and/or His Estate Failed to Redeem and Plaintiff Fails to
                Allege Fraud, Irregularity, Exigency or Prejudice Sufficient to
                Support Plaintiff's Claims or To Set Aside the Foreclosure Sale........ 7

        D.      The Quiet Title Claim Fails Because Plaintiff Cannot Establish
                Title, Because Seterus and Fannie Mae Were Entitled to
                Foreclose, And Because Plaintiff Comes To The Court With
                Unclean Hands (Count I). ................................................... 11

                1.      Plaintiff Does Not Establish A Prima Facie Case of Title........ 11

                2.      Seterus Was Authorized To Foreclose as The Loan
                        Servicer, and Fannie Mae Was Authorized To Foreclose as
                        The Owner of The Indebtedness. ................................... 12

                3.      This Claim is Barred by Plaintiff's Unclean Hands................... 13

        E.      Plaintiff's Claim For Violation of M.C.L. 600.3205 and Request
                for Conversion to Judicial Foreclosure Fail Because Section
                600.3205 Has Been Repealed and Because Plaintiff Fails to State
                a Claim Under The Statute.  (Counts II and III.)................................... 15

        F.      The Injunction Request Should Be Denied Because Plaintiff Is
                Not Entitled To The Relief Sought (Count IV). ...................................... 17

IV.     CONCLUSION .............................................................................. 18

271920.2

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .....................................................4

*Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Co. Road Comm'n.*, 236 Mich. App. 546, 550; 600 N.W.2d 698 (1999) .............................11

*Bryan v. JPMorgan Chase,* No. 313279, 2014 WL 1394782 --N.W.2d -- (6th Cir. April 10, 2014) ...................................................................................................7

*El-Seblani v. IndyMac Mortg. Servs.,* 510 Fed. Appx. 425 (6th Cir. 2013) ..............7

*Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507 (6th Cir. 1999) ...............................2

*Guardian Depositors v. Keller*, 286 Mich. 403, 411; 282 N.W. 194 (1938) ............7

*Hardwick vs. HSBC Bank USA, N.A.*, No. 310191, 2013 WL 3815632 (Mich. Ct. App. July 23, 2013) .............................................................................................16

*Houston v. U.S. Bank Home Mortg. Wisconsin Serv.,* No. 1102444, 2012 WL 5869918, (6th Cir. Nov. 20, 2012) ....................................................................7

*Jabari v. Fannie Mae,* No. 13-1699, 2014 WL 541031 (6th Cir. Feb. 11, 2014) .....9

*Jackson v. Laker Group, L.L.C.*, Nos. 261588 and 261594, 2005 WL 2901787 (Mich. Ct. App. Nov. 3, 2005) .............................................................................8

*Johns v. Dover*, No. 291028, 2010 WL 2696656 (Mich. Ct. App., July 8, 2010) ..11

*Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98; 825 N.W. 2d 329 (2012) ......10

*McKay v. Palmer*, 170 Mich. App. 288, 293; 427 N.W.2d 620 (1988) ..................15

*Mitan v. Federal Home Loan Mortgage Co.,* No. 10-cv-13286, 2013 WL 5913660 (E.D. Mich. November 1, 2013) ..........................................................................9

*MOSES Inc. v. SE Michigan Council of Gov'ts*, 270 Mich. App. 401, 414, 716 N.W.2d 278 (2006) ..............................................................................................8

## TABLE OF AUTHORITIES (Cont.)

*Mudge v. Macomb County*, 458 Mich. 87, 109, n. 23; 580 N.W.2d 845 (1998).....14

*Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566 (6th Cir. 2002) ................................................................................................................17

*Page v. Kress*, 80 Mich. 85, 89; 44 N.W. 1052 (1890) ...........................................7

*Piotrowski v. State Land Office Bd.*, 302 Mich. 179; 4 N.W.2d 514 (1942).............7

*QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718 (E.D. Mich. 2003)...........2

*Residential Funding Co. v. Saurman*, 490 Mich. 909; 805 N.W.2d 183 (Mich. 2011) ................................................................................................................13

*Roadway Express, Inc. v. Dep't of the Treasury*, No. 276348, 2008 Mich. App. LEXIS 1533 (Mich. App. June 17, 2008)............................................................18

*Royce v. Duthler*, 209 Mich. App. 682; 531 N.W.2d 817 (1995) ...........................14

*Terlecki v. Stewart*, 278 Mich. App. 644, 663, 754 N.W.2d 899 (2008) ...............18

*Thill v. Ocwen Loan Servicing, LLC,* No. 2:13-cv-14151, 2014 WL 1274080, *fn 2 --F.Supp.2d-- (E.D. Mich. March 31, 2014).......................................................16

*Williams v. Pledged Prop. II, LLC,* No. 12-1056, 2012 WL 6200270 (6th Cir. Dec. 13, 2012) ..........................................................................................................7

*Yuille v Trott & Trott.*, 483 Fed. Appx. 132 (6th Cir. May 29, 2012)....................14

**Statutes**

M.C.L. 600.3204 ....................................................................................................12

M.C.L. 600.3205c ....................................................................................................9

M.C.L. 600.3236 ...................................................................................................7, 8

M.C.L. 600.3240(1) ..................................................................................................7

M.C.L. 600.3240(8) ..................................................................................................8

M.C.L. 600.3264 ......................................................................................................9

## I.   INTRODUCTION

Plaintiff Winston J. Jackson a/k/a The Estate of Winston J. Jackson ("Plaintiff") alleges defects in the chain of title in relation to a residential mortgage loan to which Defendant Bank of America, N.A. ("BANA") has no interest. Plaintiff also alleges that all Defendants, including BANA, wrongfully foreclosed on the property, and failed to follow pre-foreclosure loan modification review requirements.  Plaintiff's claims against BANA fail entirely.  Plaintiff no longer has an interest in the property, and fails to allege facts sufficient to challenge the foreclosure following expiration of the redemption period.  Furthermore, BANA had no part in the pre-foreclosure activities, and the statute referenced by Plaintiff regarding pre-foreclosure loan modification review requirements has been repealed.   Finally, the foreclosure was properly conducted by co-defendant, Seterus, Inc. ("Seterus") on behalf of the owner of the indebtedness, co-defendant Federal National Mortgage Association ("Fannie Mae").[1]  Plaintiff's claims lack merit, and the Court should dismiss the Complaint in its entirety and with prejudice.

---

[1]    Co-Defendants Seterus and Fannie Mae separately file a contemporaneous Motion to Dismiss Plaintiff's Complaint.

2719202

## II.   FACTUAL BACKGROUND

This matter involves real property located at 30234 Julius Boulevard, Westland, Michigan 48186 (the "Property").   On August 25, 2004, Winston J. Jackson entered into a mortgage loan transaction (the "Loan") with Quicken Loans, Inc. ("Lender").   Mr. Jackson executed a promissory note (the "Note") in favor of Lender for $82,000.   (A copy of the Note is attached hereto as **Exhibit A**.)[2]   As security for the Loan, Mr. Jackson granted a mortgage (the "Mortgage") which was recorded on November 4, 2004, with the Wayne County Register of Deeds at Liber 41632, Page 346.   (A copy of the Mortgage is attached hereto as **Exhibit B**.)

Servicing of the Loan was transferred from BANA to the current servicer, Seterus, effective October 1, 2011.   (A copy of the service transfer notice is

---

[2]   A document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim[.]" *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). "[I]f the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document . . . ." *Id.* at 89.   Because the Complaint refers to and relies on the mortgage transaction and foreclosure, and because Plaintiff asserts BANA is liable for the foreclosure proceedings – which is the basis of all of Plaintiff's claims, BANA requests that the Court consider the Mortgage, Note, Loan service transfer documents and a complete copy of the Sheriff's Deed as a part of the pleadings.

2

27192012

attached hereto as **Exhibit C**.)  Therefore, <u>BANA was no longer involved with the Loan in any capacity as of October 1, 2011</u>.  On April 30, 2013, MERS, acting solely as nominee for Lender, its successors and assigns, executed an Assignment of Mortgage, which documents the transfer of Lender's interest in the Mortgage to Fannie Mae.  (A copy of the Assignment of Mortgage is attached hereto as **Exhibit D**.)  The Assignment of Mortgage was recorded on April 30, 2013, with the Wayne County Register of Deeds at Liber 50759, Page 1214.  (**Ex. D**.)

Plaintiff defaulted under the terms of the Mortgage, and Seterus posted a Notice of Foreclosure at the Property on June 3, 2013.  (Compl., ¶8, Exhibit 2 thereto, Sheriff's Deed; A complete copy of the Sheriff's Deed including Affidavit of Posting is attached hereto as **Exhibit E**.)  Seterus, not BANA, handled the pre-foreclosure Loan modification efforts at the heart of Plaintiff's Complaint.  (See, Compl., Exhibit 2; **Ex. E**.)  The Property was sold at a sheriff's sale on July 11, 2013, nearly two years after the servicing transferred from BANA to Seterus.  (**Ex. E**.)  Plaintiff failed to redeem the Property before the redemption period expired on January 11, 2014.  (**Ex. E**.)

## III.   LEGAL ARGUMENT

### A.   Standard of Review.

This Court must dismiss the Complaint if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To avoid dismissal,

271920.2

Plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint must allege "more than labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do"). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citations and quotations omitted).

The "plausibility standard" is not a "probability requirement" but rather "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility entitled to relief." *Id.* Thus, a plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (*citing Twombly*, 127 S. Ct. at 1964-965) (emphasis in *Bredesen*). Plaintiff's Complaint falls far short of these standards and should therefore be dismissed entirely and with prejudice.

4

**B.**   **BANA Should Be Dismissed From The Litigation Entirely And With Prejudice Because It Was Not Involved With The Foreclosure In Any Capacity.**

Plaintiff's entire Complaint is based on alleged breaks in the chain of title and alleged improprieties related to the Property foreclosure.  (Compl., gen.) Therefore, a necessary predicate to BANA's liability under any theory alleged in the Complaint is that BANA has an actual interest in the Property and played a role in the foreclosure either as the Loan servicer, as the owner of the indebtedness, or an owner of an interest in the indebtedness.  The Complaint is completely devoid of any allegations against BANA in that regard.

Although Plaintiff alleges that *Fannie Mae* "claims an interest in the [Property] as follows: Fee Simple by way of a Sheriff's Deed" (Compl., ¶ 8), Plaintiff makes no allegations whatsoever that would establish that BANA had any interest in the Property at the time of the foreclosure, currently has any interest in the Property, or had any involvement in the pre-foreclosure process referenced in the Complaint.  Indeed, Plaintiff cannot point to any specific allegations involving BANA at any point in the Complaint, and refers only generally to "Defendants'" alleged actions.  (Compl., gen.)  Count II for Breach of M.C.L. 600.3205 contains allegations specifically tied to the "mortgage holder or mortgage servicer" requirements under the statute.  Seterus as servicer and Fannie Mae as the owner of

5

2719202

the indebtedness are parties permitted to foreclose pursuant to M.C.L. 600.3204 (as set forth in section D, below), and Plaintiff does not allege that BANA was in any way part of the foreclosure. (Compl., gen.)

Furthermore, BANA's lack of involvement is evidenced by the Sheriff's Deed attached as Exhibit 2 to Plaintiff's Complaint. The Affidavit of Publication contained in the Sheriff's Deed shows that the foreclosure notice was published on May 31, 2013, June 7, 2013, June 14, 2013 and June 21, 2013. (**Ex. E**, Sheriff's Deed.) The Affidavit of Posting shows that the foreclosure notice was posted at the Property on June 3, 2013. (**Ex E**, Sheriff's Deed.) The foreclosure process was therefore started well after the Loan was transferred for servicing from BANA to Seterus effective October 1, 2011. (**Ex. C**, Notice of Service Transfer.) Similarly, the Sheriff's Deed dated July 11, 2013, lists Fannie Mae as the foreclosing entity, and was issued nearly two years after the Loan was transferred by BANA. (Compl., Ex. 2; **Ex. E**, Sheriff's Deed.) It is clear by a cursory review of the allegations in Plaintiff's Complaint and the Sheriff's Deed attached thereto that BANA holds no interest in the Property and was not involved in the foreclosure process in any way. As such, BANA cannot be liable under any theory raised in the Complaint. As a result, Plaintiff's Complaint against BANA should be dismissed with prejudice on this basis alone.

271920.2

C.    **Plaintiff No Longer Has an Interest in the Property Because Mr. Jackson and/or His Estate Failed to Redeem and Plaintiff Fails to Allege Fraud, Irregularity, Exigency or Prejudice Sufficient to Support Plaintiff's Claims or To Set Aside the Foreclosure Sale.**

Even if BANA were a proper party to this litigation (which it is not), Plaintiff's Complaint against BANA would still fail. After a foreclosure sale, a borrower has a statutory period of time in which to redeem the property. M.C.L. 600.3240(1). When this period expires, the mortgagor no longer has right, title, or interest in the property. M.C.L. 600.3236; *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187; 4 N.W.2d 514, (1942). As a result, "if a mortgagor fails to avail himself of the right of redemption "all plaintiffs' rights in and to the property [are] extinguished."" *Bryan v. JPMorgan Chase,* No. 313279 2014 WL 1394782 -- N.W.2d -- (6th Cir. April 10, 2014) citing *Piotrowski* at 187.

The redemption period generally serves as a mortgagor's last chance to avoid losing the property after a valid foreclosure sale. *Williams v. Pledged Prop. II, LLC,* 12-1056, 2012 WL 6200270, *2 (6th Cir. Dec. 13, 2012) (**Exhibit F**). At that point, courts will only interfere upon a "strong case of fraud or irregularity, or some peculiar exigency to warrant setting [it] aside." *Page v. Kress*, 80 Mich. 85, 89; 44 N.W. 1052 (1890); *See also, El-Seblani v. IndyMac Mortg. Servs.,* 510 Fed.

7

Appx. 425, 429 (6th Cir. 2013); *Houston v. U.S. Bank Home Mortg. Wisconsin Serv.,* No. 1102444, 2012 WL 5869918, *5 (6th Cir. Nov. 20, 2012) (**Exhibit G**).

Slight or inconsequential mistakes are not sufficient to void a foreclosure sale. *Guardian Depositors v. Keller*, 286 Mich. 403, 411; 282 N.W. 194, 197 (1938). Furthermore, such a purported defect must be *in the sale process itself*. *See, e.g.*, *Reid v. Rylander*, 270 Mich. 263, 268; 258 N.W. 630, 631 (1935); *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537, at *6 (E.D. Mich. Feb. 24, 2011) (holding that "a court has no authority to set aside a properly conducted foreclosure in the absence of a clear showing of fraud, accident, or mistake in the foreclosure proceedings") (**Exhibit H**) (emphasis added). The former owner may **not** challenge "the 'underlying equities,' including those 'bearing on the instrument.'" *Jackson v. Laker Group, L.L.C.*, Nos. 261588 and 261594, 2005 WL 2901787, at *2 (Mich. Ct. App. Nov. 3, 2005) (**Exhibit I**, quoting *Reid*.)

The foreclosure sale in this case took place on July 11, 2013, the redemption period expired on January 11, 2014, and Plaintiff failed to tender the required amount to redeem the Property. (*See,* Sheriff's Deed, **Ex. E**.) After the redemption period expired, Fannie Mae was vested with "all the right, title, and interest" formerly held by Plaintiff in the Property. M.C.L. 600.3240(8); M.C.L. 600.3236. As a result, Plaintiff lost any "legal or equitable right, title or interest in

8

the subject matter of the controversy" on January 11, 2014. *See MOSES Inc. v. SE Michigan Council of Gov'ts*, 270 Mich. App. 401, 414, 716 N.W.2d 278 (2006).

As set forth below, Plaintiff has not alleged sufficient facts to establish that Defendants engaged in fraud, that the foreclosure was anything other than standard, or that there is a "peculiar exigency" that would warrant setting aside the lawful Sheriff's Sale.   Plaintiff merely alleges defects in the foreclosure notice process and in the chain of title, allegations which are unsupported, and directly refuted, by the Sherriff's deed attached to the Complaint and/or documents that are central to Plaintiff's claims and properly introduced as part of the pleadings by BANA.[3] (Complaint Ex. 2, Sheriff's Deed; **Ex. C**, Service Transfer Notice; **Ex. D**, Assignment; **Ex. E**, Sheriff's Deed; *Greenberg,* 177 F.3d at 514; *QQC, Inc.,* 258 F. Supp. 2d at 721 (E.D. Mich. 2003) (documents not attached to, but central to complaint may be considered part of the pleadings); *Jabari v. Fannie Mae,* No. 13-1699, 2014 WL 541031 (6th Cir. Feb. 11, 2014) (**Exhibit J**); M.C.L. 600.3264 (affidavits of compliance, posting and publishing contained in the Sheriff's Deed are presumptive evidence of the facts therein).)   Furthermore, even if true, those defects do not rise to a level sufficient to set aside the post-redemption foreclosure sale. *See, Mitan v. Federal Home Loan Mortgage Co.,* No. 10-cv-13286, 2013 WL

---

[3]   BANA addresses below Plaintiff's allegation that "Defendants" failed to "consider and complete" a loan modification review in violation of M.C.L. 600.3205c.

9

271920.2

5913660 (E.D. Mich. November 1, 2013) (failure to modify insufficient to establish prejudice required to set aside post-redemption foreclosure sale.) (**Exhibit K.**)

Plaintiff also has not demonstrated that it was prejudiced by any alleged flaw in the foreclosure process. As the Supreme Court of Michigan stated, a showing of prejudice arising from any defect in the foreclosure by advertisement process is necessary before a court may set aside a foreclosure sale. *See, Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98; 825 N.W. 2d 329 (2012). "To demonstrate such prejudice, [Borrower] must show that [she] would have been in a better position to preserve [her] interest in the property absent defendant's noncompliance[.]" *Id*. at 116. Plaintiff, who does not deny that Mr. Jackson defaulted on the Loan, fails to allege – and cannot establish – that Mr. Jackson or his estate were prejudiced by Defendants' alleged actions. (*See,* Compl., gen.) Therefore, under *Kim,* there are no requisite prejudice allegations because Plaintiff does not allege that Mr. Jackson or the estate would have been in a better position to preserve their interests absent the alleged wrongdoing by Defendants. *See, Mitan*, 2013 WL 5913660 (failure to modify insufficient to establish prejudice required to set aside post-redemption foreclosure sale.) (**Ex. K.**) Accordingly, Plaintiff lacks an interest in the Property and cannot maintain any claims in the Complaint. For this reason alone, Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

10

2719202

**D.    The Quiet Title Claim Fails Because Plaintiff Cannot Establish Title, Because Seterus and Fannie Mae Were Entitled to Foreclose, And Because Plaintiff Comes To The Court With Unclean Hands (Count I).**

Plaintiff's claim for quiet title is fatally flawed because Plaintiff fails to state a valid cause of action.

**1.    Plaintiff Does Not Establish A Prima Facie Case of Title.**

To quiet title to land, Plaintiff has the initial burden of establishing a prima facie case of title. Only then does the defendant have the burden of proving a superior right or title. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Co. Road Comm'n.*, 236 Mich. App. 546, 550; 600 N.W.2d 698 (1999). Establishing a prima facie case of title requires Plaintiff to describe the chain of title through which it claims ownership. *Johns v. Dover*, No. 291028, 2010 WL 2696656, *1 (Mich. Ct. App., July 8, 2010) (**Exhibit L**).

Plaintiff does not allege a superior claim of ownership in its favor, nor does Plaintiff allege that BANA claims *any* interest in the Property whatsoever. Plaintiff alleges only that:

- Plaintiffs claim an interest in the [Property] as follows: Fee Simple Absolute, by way of an executed warranty deed.  (Compl., ¶ 7.)
- Defendant FNMA claims an interest in the same property as follows: Fee Simple by way of a Sheriff's Deed. (Compl., ¶¶ 8, 22.)

11

- Defendants' actions were intentionally designed to preclude the Plaintiff from keeping the home, and they knew or should have known, and had actual or imputed knowledge that Plaintiff wanted to keep the home. (Compl., ¶¶ 18-20.)
- Notwithstanding that knowledge, Defendants foreclosed without allowing Plaintiff to enter into a Loan modification in violation of M.C.L. 600.3205c (Compl., ¶ 21.)

These allegations are insufficient as a matter of law because Plaintiff does not allege any defects in the chain of title, and the pleadings establish that there *are* none.

> **2.    Seterus Was Authorized To Foreclose as The Loan Servicer, and Fannie Mae Was Authorized To Foreclose as The Owner of The Indebtedness.**

Under M.C.L. 600.3204, a "party may foreclose a mortgage by advertisement if . . . [t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." M.C.L. 600.3204(1)(d).  Although unclear from the allegations of the Complaint, Plaintiff seems to question whether Seterus and Fannie Mae had the right to foreclose: "M.C.L. 600.3204 provides that the party foreclosing the mortgage is either the owner of the indebtedness secured by the mortgage or the servicing agent of the mortgage." (Compl., ¶ 10.)  Plaintiff also alleges that Defendants "did undertake to foreclose on the subject property in violation of M.C.L. 600.3204(3)".  In any event, this claim fails.

12

The Assignment and foreclosure notice demonstrate that Fannie Mae was the mortgagee of record and had a record chain of title prior to the foreclosure. *See,* Assignment, **Ex. D**; Sheriff's Deed, Compl., Ex. 2; Sheriff's Deed, **Ex. E**; *Residential Funding Co. v. Saurman*, 490 Mich. 909; 805 N.W.2d 183, 184 (Mich. 2011) (holding that "the Legislature's use of the phrase 'interest in the indebtedness' to denote a category of parties entitled to foreclosure by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclosure by advertisement, along with parties who 'own[] the indebtedness' and parties who act as 'the servicing agent of the mortgage.'" (quoting M.C.L. 600.3204(1)(d)). Accordingly, Fannie Mae as mortgagee, was entitled to foreclose on the Property.

Moreover, pursuant to M.C.L. 600.3204(1)(d), as the servicer of the Loan, Seterus had authority to foreclose, and Plaintiff does not question that authority in the Complaint. (Compl., gen.) As such, the foreclosure was properly instituted by Seterus on behalf of Fannie Mae, and this claim fails.

### 3.   This Claim is Barred By Plaintiff's Unclean Hands.

Plaintiff's claim is also barred by the doctrine of unclean hands. As a Court sitting in equity, it is appropriate that the Court consider Mr. Jackson and his estate's conduct in this case. The doctrine of unclean hands bars relief from

13

271920 2

plaintiffs who have acted improperly, and where, as here, Mr. Jackson receives a

mortgage loan and "failed to pay that debt as [he] agreed, and then sought judicial

assistance in avoiding [his] contractual obligations." *See Yuille v Trott & Trott.*,

483 Fed. Appx. 132, 135 at *1 (6th Cir. May 29, 2012) (**Exhibit M**).   The

Michigan Supreme Court explained the doctrine as follows:

> The clean hand maxim is a self-imposed ordinance that closes the
> doors of a court of equity to one tainted with inequitableness or bad
> faith relative to the matter in which he seeks relief, however improper
> may have been the behavior of the defendant.

*Mudge v. Macomb County*, 458 Mich. 87, 109, n. 23 (citation omitted); 580

N.W.2d 845 (1998).   Further, "[t]he unfair or overreaching conduct need not be

actionable in any way.   It need only be a willful act that transgresses the equitable

standards of conduct."   *Royce v. Duthler*, 209 Mich. App. 682, 689; 531 N.W.2d

817 (1995), appeal denied, 452 Mich. 857; 550 N.W.2d 540.

Michigan case law is clear. "A person  . . . should be barred from receiving

equitable relief if there is any indication of overreaching or unfairness on this

person's part." *Royce*, 209 Mich. App. at 688-89 (holding that lot owner's unclean

hands prevented her from securing equitable remedy of specific performance of

right of first refusal); *accord McKay v. Palmer*, 170 Mich. App. 288, 293; 427

N.W.2d 620 (1988) (barring plaintiff's quiet title suit on the doctrine of unclean

hands).

Plaintiff has come to this Court with unclean hands, because Mr. Jackson

14

and his estate breached his payment obligations under the Mortgage and Note.[4]

*McKay v. Palmer*, 170 Mich. App. 288, 293; 427 N.W.2d 620 (1988) (barring

plaintiff's quiet title suit on the doctrine of unclean hands).  Accordingly, Count I

fails and should dismissed with prejudice.

> **E.   Plaintiff's Claim For Violation of M.C.L. 600.3205 and Request for Conversion to Judicial Foreclosure Fail Because Section 600.3205 Has Been Repealed and Because Plaintiff Fails to State a Claim Under The Statute. (Counts II and III.)**

In Count II, Plaintiff alleges that Defendants violated M.C.L. 600.3205c as

follows:

- Defendants never sent the 90 day letter with a copy of the program. Moreover, at the time the 90 day letter should have been sent, Plaintiff was deceased.[5]  (Compl., ¶ 27(a).)

- Defendants failed to consider and complete the Loan Modification process and subsequently and apparently denied Plaintiff a Loan Modification.[6]  (Compl., ¶ 27(b).)

---

[4]    Notably, Plaintiff does not allege that Mr. Jackson was current on the Loan at the time of his death or the foreclosure, or that anyone was making payments pursuant to the Loan when the foreclosure proceedings began. (Compl., gen.)

[5]    Plaintiff does not allege that BANA or any other Defendant was notified of Mr. Jackson's death before the foreclosure process began, or that Defendants were directed to send Loan notices to an authorized representative of Mr. Jackson's estate. (Compl., gen.)

[6]    Plaintiff does not state how it would have been possible to review Mr. Jackson for a loan modification if he was already deceased when the 90 day letter

15

- Defendants failed to send Plaintiff a denial letter with the calculations. (Compl., ¶ 27(c).)

Based on these alleged deficiencies, Plaintiff claims it is entitled to conversion to a judicial foreclosure in Count III. (Compl., ¶¶ 29-35.) These allegations do not support application of the statute, and Plaintiff is not entitled to have this matter converted to a judicial foreclosure.

These counts fail because Plaintiff did not file the Complaint until January 6, 2014, and the Michigan legislature repealed M.C.L. 600.3205c effective June 30, 2013. *See Hardwick vs. HSBC Bank USA, N.A.*, No. 310191, 2013 WL 3815632, at *2 (Mich. Ct. App. July 23, 2013) (M.C.L. 600.3205 claim moot because of repeal) (**Exhibit N**); *Thill v. Ocwen Loan Servicing, LLC,* No. 2:13-cv-14151, 2014 WL 1274080, *fn 2 --F.Supp.2d-- (E.D. Mich. March 31, 2014) (recognizing repeal of M.C.L. 600.3205 effective June 30, 2013.) (**Exhibit O.**)[7]   Therefore,

---

was allegedly supposed to be sent. (Compl., gen.) This is obviously impossible and clearly not a basis for a claim for violation of M.C.L. 600.3205c.

[7]   The Michigan legislature again repealed section 3205c, among other provisions, as of "June 30, 2014" in an Act effective July 3, 2013. *See* Mich. Public Acts of 2013, Act No. 105. As stated above, those provisions were already repealed at the time of the act, so the provisions do not apply to this case. *See Hardwick,* 2013 WL 3815632 at *2, *Burton v. Jeremiah Beach Parker Restoration*, 6 A.3d 38, 47-48 (Vt. 2010) (Zonay, J., concurring and dissenting) ("[O]ne cannot repeal the sunset provision on July 1, 1996, when the statute had already expired on June 30, 1996."). *Cf. Republic of Iraq v. Beaty*, 129 S. Ct. 2183, 2192 (2009) ("[W]e are unaware of any case dealing with the retroactive amendment of a law that had already expired….").

16

271920.2

BANA cannot be liable for allegedly violating M.C.L. 600.3205 in this case. Because M.C.L. 600.3205c has been repealed, Count II and III fail and should be dismissed with prejudice.

### F.   The Injunction Request Should Be Denied Because Plaintiff Is Not Entitled To The Relief Sought (Count IV).

Plaintiff requests that the Court enter a preliminary injunction staying and tolling expiration of the redemption period and prohibiting Defendants from evicting Plaintiff from the Property.  (Compl., ¶ 45(A-D).)   When determining whether to issue the extraordinary remedy of injunctive relief, a court must consider the following factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.  *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  Moreover, a movant has the "burden of proving that the circumstances clearly demand [injunctive relief]." *Id.*

Injunctive relief should be denied because Plaintiff cannot show any likelihood of success.  As set forth above, Plaintiff states no claims upon which relief may be granted.  Because the substantive claims fail, Plaintiff's request for

17

injunctive relief must also fail.  *See, e.g., Roadway Express, Inc. v. Dep't of the Treasury*, No. 276348, 2008 WL 2440037, at *13 (Mich. Ct. App. June 17, 2008) (**Exhibit P**) ("Since we find that Plaintiff's substantive claim fails, plaintiff's claim for injunctive relief must also fail.") (citing *Blackwood v. Van Vleet*, 11 Mich. 252, 256 (Mich. 1863).

Plaintiff's claim for injunctive relief should also be denied as it is not a separate cause of action, but is rather a form of relief that the Court may grant. *See, e.g., Terlecki v. Stewart*, 278 Mich. App. 644, 663, 754 N.W.2d 899, 912 (2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action.")  "It is not the remedy that supports the cause of action, but rather the cause of action that supports the remedy."  *Id.* (internal quotations and citations omitted).  Where, as here, Plaintiff fails to state valid causes of action, there is no basis for the injunctive relief sought.  Therefore, Count IV should be dismissed with prejudice.

## IV.   CONCLUSION

For the reasons stated above, BANA requests that this Court: (1) grant its Motion to Dismiss Plaintiff's Complaint; (2) dismiss Plaintiff's Complaint in its entirety and with prejudice; and (3) grant such further relief as is appropriate.

18

271920 2

Dated:  June 2, 2014                    Respectfully submitted,

                                        DICKINSON WRIGHT PLLC

                                        By: /s/ Frederick R. Dewey
                                        Amy Sabbota Gottlieb(P67020)
                                        Frederick R. Dewey (P76451)
                                        *Attorneys for Defendant BANA*
                                        2600 West Big Beaver Rd., Ste. 300
                                        Troy, MI  48084
                                        (248) 433-7286

## CERTIFICATE OF SERVICE

I certify that on June 2, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all e-filing parties of record.

                                        By: /s/ Frederick R. Dewey
                                        Frederick R. Dewey (P76451)
                                        *Attorneys for Defendant Bank of*
                                        *America, N.A.*
                                        2600 West Big Beaver Rd., Ste. 300
                                        Troy, MI  48084

19

2719202