UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRUS L. TINNON, SR.,

        Plaintiff,

vs.

UNITED STATES DEPARTMENT
OF TREASURY, et al.,

        Defendants.
_____/

Case No. 14-12352

HON. GEORGE CARAM STEEH

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [DOC. 19 and 65],
DENYING PLAINTIFF'S MOTION TO DISMISS THIRD PARTY CLAIM [DOC. 21]

      Plaintiff Tyrus Tinnon, Sr., filed this action against the United States Department of Treasury, various federal governmental entities and officials, Citizens Financial Group and Bruce Van Saun (Citizens Defendants) and Ellen Allemany. Plaintiff's action appears to involve federal taxes allegedly owed by plaintiff and levies filed by the Internal Revenue Service (IRS) with regard to those taxes. Plaintiff appears to be attempting to restrain the collection of tax, seeking a declaratory judgment of some kind, and seeking money damages for various constitutional and statutory violations.

      The matter is before the court on the United States' motion to dismiss plaintiff's complaint, the Citizens Defendants and Ms. Allemany's motion to dismiss, and plaintiff's motion to dismiss third party claim. The matter is also before the court on the Citizens Defendants and Ms. Allemany's motion for protective order and to quash subpoenas. The court is familiar with the case and has read the pleadings filed by both sides. The

court does not believe that it would benefit from oral argument in this case and able to decide the motions on the briefs.

FACTUAL BACKGROUND

On June 16, 2014, plaintiff filed his pro se complaint against the defendants. Other than oblique references to tax garnishments initiated by the IRS, the allegations in the complaint are difficult to decipher. Plaintiff refers to admiralty and maritime law, as well as fraudulent acts and violations of his "U.S. Constitutional and Civil Rights" by IRS agents. The complaint is void of any factual allegations and consists mostly of recitations of law. Plaintiff begins by accusing the Internal Revenue Service and Citizens Financial Group of failing to produce "A Delegation of Authority order from United States Continental Congress in North America." From there plaintiff cites statutes and cases regarding tax collection, but never identifies specific actions taken by defendants. Defendant Citizens Financial Group is referenced twice in the complaint, but not in connection with any claim for relief or underlying factual allegations. Finally, Mr. Van Saun and Ms. Allemany are named as defendants in the caption of the lawsuit, but are not referenced anywhere in the actual complaint.

ANALYSIS

I. Dismissal Standard

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual


allegations present plausible claims. "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

Plaintiff's complaint consists of unsupported and nonsensical statements and conclusions, which fail to place any of the defendants on notice about the nature of plaintiff's purported claims. It is impossible to decipher the theory of the claims set forth by plaintiff. The court must dismiss plaintiff's complaint for failure to state a claim as required under Rule 12(b)(6).

II. Pleading Standards

Fed. R. Civ. P. 8(a)(2) mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) requires that "each averment of a pleading shall be simple, concise, and direct." Pleading requirements exist so that neither the court nor opposing counsel are required to expend time and effort mulling through allegations to determine whether the essential claims asserted can be understood and supported. The Sixth Circuit has held that pleading requirements are mandatory for pro se litigants because a court "should not

have to guess at the nature of the claim asserted." *Denham v. Lord*, 2010 U.S. LEXIS 25940, at *3 (E.D. Mich. Feb. 28, 2010).

Plaintiff has devoted large sections of his complaint to statements of law rather than factual averments. The defendants contend that they cannot make out any specific claims against them, which is understandable because the court is likewise unable to determine the nature of the claims asserted.

Where a complaint fails to conform to the Federal Rules, and does not permit the defendants to discern and present a defense, the court must dismiss the complaint for failure to state a claim and failure to abide by pleading standards.

III.  Plaintiff's Motion to Dismiss

Plaintiff's pleading, which is entitled a motion to dismiss third party claim with prejudice for failure to comply with LR 11.1, does not seek dismissal of a counterclaim (because none has been made), but rather is based on the Citizens Defendants' and Ms. Allemany's motion to dismiss. Neither the factual or legal basis of plaintiff's motion, nor the relief requested, is clear from the face of the pleading. Federal Rule of Civil Procedure 7(b)(1)(B) requires that all motions "state with particularity the grounds for seeking the order." In addition, all motions filed before this court must be accompanied by a supporting brief, which must contain a concise statement of the issues presented, as well as the controlling or most appropriate authority for the relief sought. L.R. 7.1(d)(2). Plaintiff's motion fails to satisfy both of these rules. Form this reason, plaintiff's motion is DENIED.

CONCLUSION

For the reasons set forth above, defendants' motions to dismiss complaint are GRANTED WITH PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for failure to conform to the pleading rules set forth in the Federal Rules of Civil Procedure. Plaintiff's motion to dismiss is DENIED for failure to comply with the Federal Rules of Civil Procedure and Local Rules of this district.

Dated: October 8, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 8, 2014, by electronic and/or ordinary mail and also on Tyrus L. Tinnon, Sr., 180 East Dakota St., Detroit, MI 48203.

s/Barbara Radke
Deputy Clerk